USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 1 1 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
 :
UNITED STATES OF AMERICA :     SUPERSEDING
 :     INDICTMENT
         - v. -                  :
 :     S4 16 Cr. 749
MIGUEL BAHADUR,                  :
AMIR GHAHREMANPOUR,              :
CAMERON NASRI,                   :
RYAN NUEZ,                       :
RODION SADYKOV, and              :
DONOVAN TODD,                    :
 :
         Defendants.             :
 :
- - - - - - - - - - - - - - - - - x

**COUNT ONE**

**(Conspiracy to Commit Wire Fraud)**

The Grand Jury charges:

1.  From at least in or about March 2016 through at least in or about October 2016, in the Southern District of New York and elsewhere, MIGUEL BAHADUR, AMIR GHAHREMANPOUR, CAMERON NASRI, RYAN NUEZ, RODION SADYKOV, and DONOVAN TODD, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

2.  It was a part and object of the conspiracy that MIGUEL BAHADUR, AMIR GHAHREMANPOUR, CAMERON NASRI, RYAN NUEZ, RODION SADYKOV, and DONOVAN TODD, the defendants, and others known and

unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, BAHADUR, GHAREMANPOUR, NASRI, NUEZ, SADYKOV, TODD, and others caused the transmission of interstate wire communications in connection with the fraudulent purchase of goods from retail store locations of a technology company ("Company-1") throughout the United States.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

### (Wire Fraud)

The Grand Jury further charges:

3. From at least in or about March 2016, up to and including at least in or about October 2016, in the Southern District of New York and elsewhere, RODION SADYKOV and MIGUEL BAHADUR, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did

2

transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, SADYKOV and BAHADUR caused and aided and abetted the transmission of interstate wire communications in connection with the fraudulent purchase of goods at Company-1 stores.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE

### (Conspiracy to Commit Wire Fraud)

4.   From at least in or about August 2016 through at least in or about October 2016, in the Southern District of New York and elsewhere, RODION SADYKOV and MIGUEL BAHADUR, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

5.   It was a part and object of the conspiracy that RODION SADYKOV and MIGUEL BAHADUR, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate

3

Case 1:16-cr-00749-RA   Document 72   Filed 05/11/17   Page 4 of 8

and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, SADYKOV and BAHADUR agreed to and did cause the transmission of interstate wire communications in connection with the fraudulent purchase of goods from branches of a distributor of building equipment("Company-2") located throughout the United States.

(Title 18, United States Code, Section 1349.)

## COUNT FOUR

### (Wire Fraud)

The Grand Jury further charges:

6. From at least in or about August 2016, up to and including at least in or about October 2016, in the Southern District of New York and elsewhere, RODION SADYKOV and MIGUEL BAHADUR, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, SADYKOV and BAHADUR caused and aided and abetted the transmission of interstate wire communications in connection with the fraudulent purchase of

goods from Company-2 branches located throughout the United States.

(Title 18, United States Code, Sections 1343 and 2.)

### FIRST FORFEITURE ALLEGATION

7. As a result of committing the offense alleged in Count One of this Indictment, MIGUEL BAHADUR, AMIR GHAHREMANPOUR, CAMERON NASRI, RYAN NUEZ, RODION SADYKOV, and DONOVAN TODD, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### SECOND FORFEITURE ALLEGATION

8. As a result of committing the offense alleged in Count Two of this Indictment, RODION SADYKOV and MIGUEL BAHADUR, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing

the amount of proceeds traceable to the commission of said offenses.

### THIRD FORFEITURE ALLEGATION

9. As a result of committing the offense alleged in Count Three of this Indictment, RODION SADYKOV and MIGUEL BAHADUR, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### FOURTH FORFEITURE ALLEGATION

10. As a result of committing the offense alleged in Count Four of this Indictment, RODION SADYKOV and MIGUEL BAHADUR, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

**SUBSTITUTE ASSETS PROVISION**

11. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).)

_/s/_ 

FOREPERSON

_/s/ Joon H. Kim_

JOON H. KIM
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

v.

**MIGUEL BAHADUR,
AMIR GHAHREMANPOUR
CAMERON NASRI,
RYAN NUEZ,
RODION SADYKOV, and
DONOVAN TODD,**

Defendants.

<u>**SUPERSEDING INDICTMENT**</u>

S4 16 Cr. 749

(18 U.S.C. §§ 1343, 1349, and 2.)

JOON H. KIM
Acting United States Attorney

*[signature]*
Foreperson

05/11/2017
(CA)

Superseding Indictment Filed
Assigned to Judge Abrams

Judge Parker
USMJ